UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLIED STONE, INC. | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| ACADIA INSURANCE COMPANY, | § | |
| UNION STANDARD INSURANCE | § | |
| GROUP, LLC, and JAMES AMATO | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT ACADIA INSURANCE COMPANY'S NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Acadia Insurance Company ("Acadia") respectfully petitions this Court for removal

of the above-entitled action to the United States District Court for the Northern District of Texas from

the 193rd Judicial District Court of Dallas County, Texas, and for its Notice of Removal states:

**I.
REMOVAL JURISDICITON**

1.      This action, entitled *Allied Stone, Inc. v. Acadia Insurance Company, Union Standard Insurance

Group, LLC and James Amato*, pending in the 193rd Judicial District Court of Dallas County, Texas, Cause

No. DC-17-05633, was commenced against Defendants via the filing of Plaintiff's Original Petition (the

"Petition") on or about May 11, 2017.

2.      Defendant James Amato ("Amato") was served via certified mail on May 25, 2017.

Accordingly this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      Plaintiff alleges causes of action against all defendants for violations of the Texas

Insurance Code, and violations of the Deceptive Trade Practices-Consumer Protection Act ("DTPA").

*See* Petition at 7-11. Plaintiff alleges causes of action against Acadia for breach of contract and breach of the duty of good faith and fair dealing. *See* Petition at 10. Plaintiff sued all defendants for damages, including actual damages, reasonably attorneys' fees, court costs, 18% statutory penalty damages, exemplary and/or treble damages, pre-judgment interest, post-judgment interest, and additional damages. *See* Petition at 11-12.

4.        On information and belief, Plaintiff is a foreign for-profit corporation with its principal place of business in the state of Oklahoma. Acadia is a foreign for-profit corporation with its principal place of business in the state of Maine. Defendants Amato and Union Standard Insurance Group, LLC ("USIG") have been improperly joined and their citizenship should be disregarded for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly-named parties under 28 U.S.C. § 1332.

5.        The doctrine of improper joinder allows a Court to disregard citizenship of a non-diverse defendant when: (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In this case, both prongs of the test are applicable as Plaintiff misstates jurisdictional facts related to its principal place of business, and fails to plead a cause of action against the non-diverse Defendants USIG and Amato.

6.        Plaintiff alleges it is a foreign for-profit corporation with a principal place of business in the state of Texas. *See* Petition at 1. Defendants do not dispute that Plaintiff is a foreign for-profit corporation. On information and belief, however, Plaintiff's principal place of business is located in Oklahoma because the corporation's officers direct, control, and coordinate business activity from Durant, Oklahoma. Because the nerve center of Plaintiff's business is in Oklahoma, Plaintiff's principal place of business is Oklahoma for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Alternatively, should this Court determine Plaintiff's principal place of business is in Texas,

diversity still exists because USIG is not a proper party to this lawsuit and Plaintiff fails to plead a cause of action against non-diverse Defendants USIG and Amato.

7.      There are two ways to determine whether Plaintiff could possibly recover against non-diverse Defendants USIG and Amato: (1) conduct a "Rule 12(b)(6)-type analysis" to determine if there is a "reasonable basis" to support plaintiff's claim against the non-diverse party; or (2) to "pierce the pleadings" and conduct a summary judgment-type analysis to identify discrete facts that would preclude recovery against the non-diverse defendant. *See Int'l Energy Ventures Mgmt. LLC v. United Energy Group Ltd.,* 818 F.3d 193, 200 (5th Cir. 2016); *Smallwood*, 385 F.3d at 573–744. Using the first method, a theoretical basis is not sufficient, and there must be a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *Moore v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *8-9 (S.D. Tex. September 6, 2012) (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)). The second method is applicable if the plaintiff has stated a claim against the non-diverse defendant, but summary judgment evidence reveals facts withheld by the plaintiff relevant to the propriety of joinder. *Smallwood*, 385 F.3d at 573.

8.      Plaintiff's lawsuit arises from a first-party insurance claim for hail damage to the roof of its property which allegedly occurred during the Acadia policy period. *See* Petition at 4-7. Plaintiff alleges the "claim was mishandled by Union Standard and Mr. Amato out of Dallas, Texas. Mr. Amato handled the claim from Union Standard's Dallas office and under Union Standard's management and control." *Id.* at 4. Union Standard Insurance Group, *LLC* is not a proper party to this lawsuit. (emphasis added). USIG is not an insurance company and does not issue, underwrite, sell, manage or otherwise administer insurance policies, including the policy at issue in this lawsuit. *See* Affidavit of Ty Simmons, attached as Exhibit A. USIG does not adjust or otherwise administer insurance claims, including the claim at issue in this lawsuit. *Id.* Union Standard Insurance Group committed no act with respect to the policy or claim at issue in this lawsuit. *Id.* For these reasons, there is no reasonable basis to predict Plaintiff might recover

**DEFENDANT ACADIA INSURANCE COMPANY'S NOTICE OF REMOVAL**                    **Page 3**
2617765v.1

against non-diverse Defendant USIG. This Court should disregard USIG's citizenship for purposes of the removal determination. Alternatively, in the unlikely event the Court determines USIG is a proper party to this lawsuit, diversity still exists because Plaintiff fails to plead a cause of action against non-diverse Defendants USIG and Amato.

9.      Acadia asserts that Plaintiff's pleaded facts fail to provide a reasonable basis to conclude Plaintiff has a valid cause of action against USIG and Amato. Acadia further asserts that the Court may pierce the pleadings to conduct a summary inquiry to determine whether Plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder. *See Smallwood*, 385 F.3d at 573.

10.      Since Plaintiff has no pleaded facts which fit a properly pleaded theory of recovery, there is no reasonable basis for this Court to conclude Plaintiff has a valid claim against USIG or Amato. Given this, the Court should disregard USIG's and Amato's citizenship for purposes of the removal determination.

## II.
## AMOUNT IN CONTROVERSY

11.      "Allied seeks monetary relief in an amount over $1,000,000." *See* Exhibit A (Plaintiff's Original Petition at 3). Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## III.
## ATTACHMENTS

12.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Acadia in the state court action are attached to this notice. *See* Exhibit B.

## IV.
## NOTICE TO STATE COURT

13.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 193rd District Court of Dallas County, Texas.

14.      Pursuant to Federal Rule of Civil Procedure 38, Acadia demands a trial by jury.

## V.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Acadia respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Acadia further request any additional relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
N.D. Tex. Bar No. 20770
Email: jennifer.martin@wilsonelser.com
**W. NICHOLAS TERRELL**
Texas State Bar No. 24075149
Email: nick.terrell@wilsonelser.com

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101

**ATTORNEYS FOR DEFENDANTS
ACADIA INSURANCE COMPANY
AND MARK MASSEY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 16th day of June, 2017.

Jeffrey L. Raizner
Andrew P. Slania
Amy Bailey Hargis
Raizner Slania LLP
2402 Dunlavy Street
Houston, Texas 77006

*/s/ W. Nicholas Terrell*
**W. NICHOLAS TERRELL**