UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLIED STONE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-1603-B |
| | § | |
| ACADIA INSURANCE COMPANY, | § | |
| UNION STANDARD INSURANCE | § | |
| GROUP, LLC, and JAMES AMATO, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is an insurance dispute that has been removed from a Texas state court. Allied Stone,

Inc. (Allied Stone) sued its insurer, Acadia Insurance Company (Acadia), the company that

allegedly handled the adjustment of the claim at issue, Union Standard Insurance Group, LLC, and

the individual adjuster, James Amato. Allied Stone is a resident of Texas. But although Acadia is not

a resident of Texas, Union Standard and Amato are. The defendants removed the case to federal

court on the grounds that Allied Stone fraudulently joined Union Standard and Amato to defeat

diversity jurisdiction. Before the Court is Allied Stone's Motion to Remand. Doc. 8. For the reasons

that follow, Allied Stone's motion is **GRANTED**.

## I.

## BACKGROUND

A.    *Factual Background*[1]

Allied Stone owns a structure in Durant, Oklahoma. Doc. 1-5, Pl. Pet., ¶ 4.1. In exchange

for premiums, Acadia insured the structure. *Id.* The policy provided coverage for damage resulting

from hail and wind. *Id.* In April 2016, hail and wind damaged Allied Stone's insured structure, which

prompted Allied Stone to file an insurance claim with Acadia. *Id.* ¶ 4.2. In the claim, Allied Stone

asked Acadia to cover the cost of repairing the damage from the wind and hail. *Id.*

Acadia assigned the adjustment of Allied Stone's claim to Union Standard, which appointed

its employee, Amato, as the adjuster. *Id.* ¶ 4.3. According to Allied Stone, Amato and Union

Standard acting through Amato unlawfully mishandled Allied Stone's claim. Doc. 1-5, Pl. Pet.,

¶¶ 4.3–4.8.  Allied Stone alleges in relevant part that "Mr. Amato did not prepare any estimates or

scopes of damages to the Property or failed to provide those to the insured. Because of Mr. Amato's

failure to estimate or scope damages, Plaintiff was forced to prepare its own estimate of damages and

point them out to Amato"; "Mr. Amato refused to retain appropriate consultants to evaluate the

claim. Specifically, Mr. Amato retained consultants from a preferred vendor and was unnecessarily

hostile to the insured in claim communications and investigation methods"; "Mr. Amato was the

only point of contact on Acadia's behalf yet he continually delayed the claims process and refused

to provide answers to the insured and its representative"; and "Mr. Amato represented to the

Plaintiff that certain damages were not covered under the Policy when in fact they were." *Id.* Allied

---

[1] The following factual summary is drawn from the parties' initial pleadings and briefing on the Motion to Remand before the Court. Any contested fact is noted as such.

Stone ultimately alleges that Mr. Amato's wrongful conduct caused Acadia to wrongfully underpay its claims. *Id*. ¶ 4.8.

B.     *Procedural Background*

On May, 11, 2017, Allied Stone filed its Original Petition in the 193rd Judicial District Court of Dallas County, Texas. *Id.* ¶ 1. Even though Union Standard and Amato are citizens of Texas, the defendants the removed the action to this Court on diversity grounds, claiming that Allied Stone fraudulently joined Union Standard and Allied Stone to defeat federal diversity jurisdiction. Doc.1, Notice of Removal. Allied Stone then moved to remand the case to the Texas court, denying that it fraudulently joined Union Standard and Allied Stone. Doc. 8, Mot. to Remand. Because Acadia responded, Doc. 12, Resp., and the deadline for Allied Stone to reply has elapsed, Allied Stone's motion to remand is ripe for review.

## II.

## LEGAL STANDARD

Federal courts have limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They can hear cases only as authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916.

A.     *Removal Jurisdiction*

The federal removal statute allows a defendant to remove any civil action to federal district court so long as that action falls within the district court's original jurisdiction. 28 U.S.C. § 1441(a). The defendants removed this case because they think this Court has diversity jurisdiction under 28

U.S.C. § 1332. A district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). For a case to be between citizens of different states, no plaintiff can be from the same state as any properly joined defendant. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). And for a case to be removed to federal court, no properly-joined-and-served defendant can be a citizen of the state where plaintiff brought the action. 28 U.S.C. § 1441(b); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

B.     *Improper Joinder*

If an in-state defendant is improperly joined, a court may disregard the in-state defendant's citizenship for the purpose of determining whether there is complete diversity for diversity jurisdiction. *Cuevas v. BAC Home Loans Serv., LP*, 648 F.3d 242, 249 (5th Cir. 2011). The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas*, 648 F.3d at 249. To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. Ry. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Acadia asserts only that Allied Stone cannot establish a cause of action against Union Standard or Amato. As such, Acadia must show that "there is no reasonable basis for the district court to predict that [Allied Stone] might be able to recover against [Union Standard or Amato]." *Id.*

A district court can determine whether a plaintiff can recover against allegedly improperly joined defendants in two ways. First, a district must conduct a "Rule 12(b)(6)-type analysis" by evaluating whether the plaintiff's state-court complaint states a claim against the in-state defendant. *Id.* Second, a district court can "pierce the pleadings" and conduct a summary-judgment-type

analysis. *Id.* But piercing the pleadings is appropriate only if the plaintiff has withheld facts relevant to the propriety of joinder. *Id.*

*C. Rule 12(b)(6) Analysis*

In the Rule 12(b)(6)-type analysis of a petition originally filed in state court, federal pleading standards apply. *Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016). Rule 12(b)(6) authorizes the Court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.

## ANALYSIS

The Court will now address whether Allied Stone sufficiently pled its Texas Insurance Code § 541.060(a)(2)(A) claim against Amato, the adjuster for Allied Stone's hail-and-wind claim. The Fifth Circuit has stated that "an adjuster who services insurance policies for an insurer engages in the business of insurance, is subject to the Tex. Ins. Code, and may be liable under it." *Roach v. Vehicle*, No. 3:15-cv-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016) (citing *Centaurus Unity v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011) (collecting cases holding that individual adjusters are subject to the Texas Insurance Code)); *See also Gasch*, 491 F.3d at 282. And this court has concluded that an individual insurance adjuster may be held liable under § 541.060(a)(2)(A). *Arlington Heights Mem'l Post. No. 8234 Veterans of Foreign Wars of the U.S., Ft. Worth, Tex. v. Covington Speciality Ins. Co.*, No. 3:16-CV-3112-B, 2017 WL 1929124, at *4 (N.D. Tex. May 10, 2017); *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 15-CV-1183, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015); *Linron Props., Ltd. v. Wausau Underwriters Ins. Co.*, No. 15-CV-0293, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015). Other courts have found that § 541.060 cannot be applied against adjusters for violating those provisions specifically referring to the settlement or paying of claims. *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014); *Ministerio Int'l Lirios Des Valle v. State Farm Lloyds*, No. 3:16-cv-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (finding, as a matter of law, that adjusters cannot be liable under § 541.060(a)(2)). But "in the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Tex. Ins. Code must be resolved in

favor of remand." *Roach*, 2016 WL 795967, at *6. Therefore, the Court will continue its analysis accepting the premise that an individual adjuster can be held liable under § 541.060(a)(2)(A).

The Court now turns to a Rule 12(b)(6)-type analysis of Allied Stone's § 541.060(a)(2)(A) claim against Amato. Section 541.060(a)(2)(A) prohibits the failure "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). Additionally, this Court has concluded that § 541.060(a)(2)(A) applies only to conduct that precedes the settlement of a claim. *Thomas v. State Farm Lloyds*, 3:15-CV-1937-B, 2015 WL 6751130, at *4 (N.D. Tex. Nov. 4, 2015).

In order to support its § 541.060(a)(2)(A) claim, Allied Stone pleads that "Mr. Amato did not prepare any estimates or scopes of damages to the Property or failed to provide those to the insured. Because of Mr. Amato's failure to estimate or scope damages, Plaintiff was forced to prepare its own estimate of damages and point them out to Amato"; "Mr. Amato refused to retain appropriate consultants to evaluate the claim. Specifically, Mr. Amato retained consultants from a preferred vendor and was unnecessarily hostile to the insured in claim communications and investigation methods"; "Mr. Amato was the only point of contact on Acadia's behalf yet he continually delayed the claims process and refused to provide answers to the insured and its representative"; and "Mr. Amato represented to the Plaintiff that certain damages were not covered under the Policy when in fact they were." Doc. 1-5, Pl. Pet., ¶¶ 4.3–4.8.

The Court remanded a similar case. In *Arlington Heights*, the plaintiff sued an insurance company and adjuster in state court, alleging the causes of action that Allied Stone now asserts. 2017 WL 1929124, at * 1. The defendants removed the case to federal court, arguing that the plaintiff

improperly joined the adjuster, a Texas resident, to defeat diversity jurisdiction. *Id.* The plaintiff alleged in its Original Petition that the defendant "failed to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear"; "did not prepare any estimates or scopes of damages to the Property or failed to provide those to the insured"; (2) "failed to hire any qualified experts to appropriately assess the damage"; (3) "delayed the claims process and failed to communicate with the insured"; and (4) "misrepresented the Policy's coverage." *Id.* The Court found that the plaintiff's allegations of delay and inadequate investigation provided a reasonable basis for concluding that the plaintiff could recover against the adjuster for failing to effectuate a fair settlement of a claim and therefore remanded the case. *Id.* at *4.

The Court will adhere to the approach it took in *Arlington Heights*. Because Allied Stone's pleadings are essentially the same as the pleadings that led the Court to remand *Arlington Heights*, the Court finds that Allied Stone could prevail in its § 541.060(a)(2)(A) claim against Amato in state court and therefore that Allied Stone properly joined Amato to this action.

Because Amato is a proper party, removal was improper. First, the Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332(a) because Allied Stone and Amato are both citizens of Texas. And Second, 28 U.S.C. § 1441(b)(2) prohibits removal based on diversity when any proper defendant is a citizen of the state in which an action is brought. Removal is improper here, then, because Allied Stone brought this case in Texas and Amato is a citizen of Texas. The Court thus remands this case.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Allied Stone's Motion to Remand and **REMANDS** this case to the 193rd Judicial District Court of Dallas County, Texas for further proceedings.

SO ORDERED.

SIGNED: March 27, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE